Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| In the Matter of the Search of | |
|---|---|
| *(Briefly Describe the property to be searched or identify the person by name and address)* | |
| 1473-7 Black Apple iPhone smartphone, seized on May 11, 2021, and currently located at GRPD, 639 W Seedfarm Road Sacaton, Arizona. | Case No.  22-018 MB |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of   Arizona      .
(identify the person or describe the property to be searched and give its location):

### As further described in Attachment A.

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

### As set forth in Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before ___January 6, 2022___ .
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the United States Magistrate Judge on duty.

_____ .
*(name)*

N/A  ☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for 30 days *(not to exceed 30)*
☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 1/6/2022 @ 3 pm     _____
*Judge's signature*

City and State:  Phoenix, Arizona      Honorable Michelle H. Burns, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## RETURN

| Case No.: | Date and Time Warrant Executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory Made in the Presence of:

Inventory of the property taken and name of any person(s) seized:

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the Black Apple iPhone cellular smartphone housed in a black and gold Louis Vuitton phone case (GRPD evidence item #1473-7), stored in the Gila River Police Department Evidence Room (639 W Seedfarm Road Sacaton, Arizona).







**ATTACHMENT B**

1.      Any records and information found within the digital contents of the SUBJECT DEVICE that relate to a violation of Possession with Intent to Distribute Methamphetamine, 21 U.S.C §§ 841(a)(1) and (b)(1)(B)(viii), including:

      a.   all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, and use of drugs;

      b.   all information related to buyers or sources of drugs and sales (including names, addresses, telephone numbers, locations, or any other identifying information);

      c.   all bank records, checks, credit card bills, account information, or other financial records;

      d.   all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

      e.   any information recording schedule or travel;

      f.   evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

      g.   contextual information necessary to understand the above evidence.

2.      Any records and information found within the digital contents of the SUBJECT DEVICE showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications;

reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

The digital contents may or may not be encrypted and a variety of examination techniques may need to be utilized in order to recover the requested digital contents. The digital contents may be stored on the device itself, in a fixed or removable storage medium in any format, flash memory, hard drive, magnetic memory or any other storage format that may be discovered in the above described device. The extraction and analysis of the digital contents may require this device be sent to an outside agency for additional assistance as other equipment or software may be necessary.

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| In the Matter of the Search of | |
|---|---|
| *(Briefly Describe the property to be searched or identify the person by name and address)* | Case No. 22-018 MB |
| 1473-7 Black Apple iPhone smartphone, seized on May 11, 2021, and currently located at GRPD, 639 W Seedfarm Road Sacaton, Arizona. | |

## APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, Officer Matthew Lerma, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property (*identify the person or describe the property to be searched and give its location*):

### As further described in Attachment A.

Located in the District of __Arizona__, there is now concealed (*identify the person or describe the property to be seized*):

### As set forth in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

     X Evidence of a crime;
     Contraband, fruits of crime, or other items illegally possessed;
     Property designed for use, intended for use, or used in committing a crime;
     A person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 21 U.S.C. §§841(a)(1) and (b)(1)(B)(viii) | Possession with Intent to Distribute Methamphetamine |

The application is based on these facts:
### As set forth in Attachment C, incorporated herein by reference.

☒ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Raynette Logan *ℓℓ*
*Telephonically Sworn*

Date issued: *January 6, 2022*

City and State: Phoenix, Arizona

    MATTHEW LERMA #1473 (E SIGNATURE)
    *Applicant's Signature*
    Matthew Lerma, Officer, Gila River Police Department
    *Applicant's printed name and title*

    *Judge's signature*

    Hon. Michelle H. Burns, U.S. Magistrate Judge
    *Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the Black Apple iPhone cellular smartphone housed in a black and gold Louis Vuitton phone case (GRPD evidence item #1473-7), stored in the Gila River Police Department Evidence Room (639 W Seedfarm Road Sacaton, Arizona).







**ATTACHMENT B**

1.      Any records and information found within the digital contents of the SUBJECT DEVICE that relate to a violation of Possession with Intent to Distribute Methamphetamine, 21 U.S.C §§ 841(a)(1) and (b)(1)(B)(viii), including:

      a.  all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, and use of drugs;

      b.  all information related to buyers or sources of drugs and sales (including names, addresses, telephone numbers, locations, or any other identifying information);

      c.  all bank records, checks, credit card bills, account information, or other financial records;

      d.  all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

      e.  any information recording schedule or travel;

      f.  evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

      g.  contextual information necessary to understand the above evidence.

2.      Any records and information found within the digital contents of the SUBJECT DEVICE showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications;

reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

The digital contents may or may not be encrypted and a variety of examination techniques may need to be utilized in order to recover the requested digital contents. The digital contents may be stored on the device itself, in a fixed or removable storage medium in any format, flash memory, hard drive, magnetic memory or any other storage format that may be discovered in the above described device. The extraction and analysis of the digital contents may require this device be sent to an outside agency for additional assistance as other equipment or software may be necessary.

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Matthew Lerma, Officer with the Gila River Police Department ("GRPD"), being duly sworn, depose and state as follows:

## INTRODUCTION

I make this affidavit in support of an application for a search warrant in furtherance of a drug investigation conducted by the Gila River Police Department (GRPD) for the following target items: 1473-7 (SUBJECT DEVICE), was seized from LOREN WHITSON (hereinafter WHITSON) on May 11, 2021, and has been continuously held in GRPD custody at 639 W Seed Farm Road Sacaton, Arizona. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that evidence of a violation of: 21 USC 841(a)(1) and (b)(1)(B)(viii), Possession of Methamphetamine with Intent to Distribute, is located in the above named cell phone as further described in Attachment A, for evidence described in Attachment B.

## PRELIMINARY BACKGROUND INFORMATION

1.  Your affiant is a graduate of the Phoenix Regional Police Academy (PRPA) in Phoenix, Arizona. Your affiant has been employed with the GRPD since July 2019. Your affiant is currently assigned to the Special Investigations Unit Narcotics Unit and has primary investigative responsibility in drug investigations.  Your affiant has conducted interviews and investigations as a patrol officer on various cases.  Your affiant has also had several hours of training in criminal and drug investigations for the Gila River Police Department.

2.  Your affiant has obtained a Special Law Enforcement Commission through the Bureau of Indian Affairs. As such, your affiant is a law enforcement officer of the United States within the meaning

1

of 18 U.S.C. § 2510(7) and is thereby authorized to execute arrest and search warrants under the authority of the United States.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, investigators and witnesses. This affidavit is intended to show merely there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. I have set forth only the facts I believe are necessary to establish probable cause to believe evidence of a violation of 21 USC 841(a)(1) and (b)(1)(B)(viii), Possession of Methamphetamine with Intent to Distribute, is located in the above named cell phone as further described in Attachment A, for evidence described in Attachment B.

## DETAILS OF INVESTIGATION

4.      On May 11, 2021, at approximately 1953 hours, while in the area of Casa Blanca Road and Deer Horn Avenue, a traffic stop was conducted on a silver in color Nissan Sentra bearing the Nevada License plate 713N93. This incident occurred within the exterior boundaries of the Gila River Indian Community.

5.      Contact was made with the driver, a female subject who verbally identified herself as LOREN WHITSON.  Upon making contact with WHITSON, I detected a strong odor of marijuana emanating from the interior of the vehicle. When questioned about the smell, the passenger of the vehicle, who verbally identified herself as L.A., admitted to having a pipe used for smoking marijuana under the passenger seat. Due to detecting a strong odor of marijuana and L.A.'s admission to having a pipe used to smoke marijuana, I established probable cause to search the vehicle.

6.      All occupants of the vehicle were directed to exit the vehicle. GRPD Officers Messerly and Jensen assisted me with the investigation.  Officers asked WHITSON what would be found inside the vehicle. WHITSON then told officers they may locate methamphetamine inside the vehicle.

2

7.     While searching the vehicle, officers located a beige in color small bag resting under the driver seat. Inside the bag, officers located multiple individually packaged bags containing a crystalline substance. Base on my training, knowledge and experience I know the crystalline substance to be consistent with that of methamphetamine.  A field test was conducted on the crystalline substance which tested positive for methamphetamine.  The crystalline substance was sent to the DEA lab for analysis. The DEA lab determined that the substance contained 18.7 grams of actual methamphetamine hydrochloride.

8.     Officers also located a clear plastic bag containing blue pills marked "M30." Based on my training, knowledge, and experience, I know blue pills commonly marked with "M30" are counterfeit Fentanyl pills disguised as prescription Oxycodone pills. I also located a digital scale inside the bag, next to the multiple individually packaged bags of methamphetamine and Fentanyl pills. Digital scales are known to be used by drug dealers to weigh items/drugs at a predetermined weight, to be individually packaged.   I also located a pink in color organizer resting in the driver side door compartment. Inside the organizer I located approximately two hundred and forty-one dollars ($241).

9.     WHITSON was placed under arrest for Tribal Code 5.1201 Possession, use or manufacture of controlled substance, Tribal Code 5.1208 Possession, Manufacture, Delivery Advertisement of Drug Paraphernalia.

10.     Post Miranda, WHITSON admitted the bag containing the multiple individually packaged bags of methamphetamine, Fentanyl pills, and digital scale belonged to her. WHITSON also admitted to driving to multiple residences throughout District Three and District Four of the GRIC and selling Fentanyl pills to individuals for ten dollars ($10) per pill. A black Apple iPhone cellular smartphone was located in WHITSON's possession and was seized as evidence (SUBJECT DEVICE) and has been continuously held in GRPD custody at 639 W Seed Farm Road Sacaton, Arizona.

11.     In my experience as a law enforcement officer, and past similar criminal investigations, drug traffickers and users often utilize cell phones in the furtherance of various crimes. Common uses for electronic devices are to communicate and set up illegal sales utilizing text messages, emails, messaging apps/internet platforms, chat rooms through various platforms, and various other methods. Electronic devices are also often utilized to document and store images of contraband or other illegal substances used in setting up a transaction.  Electronic devices have also been utilized to complete transactions for illegal contraband or substances utilizing various payment apps/ databases.

**DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE**

12.     As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT DEVICE.  Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

13.     Probable cause for SUBJECT DEVICE.  Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the SUBJECT DEVICE for at least the following reasons:

a.     Your Affiant knows that when an individual uses a cellular telephone, the device may serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime.  The device is an instrumentality of the crime because it is used as a means of committing the criminal offense.  The device is also likely to be a storage medium for evidence of crime.  From my training, knowledge, and experience, your Affiant believes that a cellular telephone used to commit a crime of this type may contain: data that is evidence of how the device was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

4

b. Based on my training, knowledge, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the device, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

c. Based on my training, knowledge, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a device, deleted, or viewed via the Internet. Electronic files downloaded to a device can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a device, the data contained in the file does not actually disappear; rather, that data remains on the device until it is overwritten by new data.

d. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the device that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a devices operating system may also keep a record of deleted data in a "swap" or "recovery" file.

14. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephones were used,

5

the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT DEVICE because:

a.      Data in a cellular telephone can provide evidence of a file that was once in the contents of the cellular telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.      As explained herein, information stored within a cellular telephone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training, knowledge, and experience, information stored within electronic storage medium (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the cellular telephone was remotely accessed, thus inculpating or exculpating the owner. Further, activity on a cellular telephone can indicate how and when the device was accessed or used. For example, as described herein, cellular telephones can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone accessed networks and the internet. Such information allows investigators to understand the chronological context of cellular telephone access, use, and events relating to the crime under investigation. Additionally, some information stored within a cellular telephone may provide crucial evidence relating to the physical

location of other evidence and the suspect.  For example, images stored on a cellular telephone may both show a particular location and have geolocation information incorporated into its file data.  Such file data typically also contains information indicating when the file or image was created.  The geographic and timeline information described herein may either inculpate or exculpate the user of the device.  Last, information stored within a cellular telephone may provide relevant insight into the user's state of mind as it relates to the offense under investigation.  For example, information within a cellular telephone may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the cellular telephone or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

        c.       A person with appropriate familiarity with how a cellular telephone works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone was used, the purpose of its use, who used it, and when.

        d.       The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, cellular telephone evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a device is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.      Further, in finding evidence of how a cellular telephone was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.  For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

15.     Nature of examination.  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the SUBJECT DEVICE, including the use of computer-assisted scans.

16.     Manner of execution.  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

17.     Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence described in Attachment B, is located within the aforementioned SUBJECT DEVICE, as more fully described in Attachment A, and will support an investigation related to a violation of 21 USC 841(a)(1) and (b)(1)(B)(viii), Possession of Methamphetamine with Intent to Distribute.

This affidavit was sworn telephonically before a United States Magistrate Judge legally authorized to administer an oath for this purpose.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____1/6/22_____          MATTHEW LERMA #1473 (E SIGNATURE)
                                       Officer Matthew Lerma
                                       Gila River Police Department

Subscribed and sworn to before me this ___6___ day of January, 2022. *telephonically*

                                       _____Michelle Burns_____
                                       Honorable Michelle H. Burns
                                       United States Magistrate Judge
                                       District of Arizona

9